**Dated: June 7, 2016**

**The following is ORDERED:**



*Tom R. Cornish*
TOM R. CORNISH
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

GOFF, BRADLY T.                              Case No. 16-80085-TRC
GOFF, RACHEL DAWN                            Chapter 7

       Debtors.

### ORDER DENYING MOTION TO VACATE DISCHARGE

Before the Court is Debtors' Motion to Vacate Discharge to Enlarge Time to Enter a Reaffirmation Agreement (Doc. No. 19). No objections have been filed to this Motion. This Court has jurisdiction over this core matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2). Because the Court determines that it has no authority to grant the relief requested, it denies the Motion to Vacate Discharge for reasons stated herein.

**Background**

Debtors filed this case under Chapter 7 on February 5, 2016. On their Statement of Intent, they indicated their desire to enter into a Reaffirmation Agreement with Ford Motor Credit ("Ford") to retain a 2011 Ford F-150 truck. The Meeting of Creditors was first set and held on March 9, 2016.

The Order of Discharge was entered on May 11, 2016, at approximately 12:30 a.m., according to the Notice of Electronic Filing (Doc. No. 18).  Later that day, Debtors filed the Motion to Vacate Discharge.  According to the Motion, Debtors did not enter a reaffirmation agreement prior to the entry of the Order of Discharge, therefore they request that the discharge be vacated until they are able to enter such agreement.

**Analysis**

A reaffirmation agreement is essentially a waiver of a discharge as to a particular creditor in which a debtor reassumes in personam liability on an otherwise dischargeable debt.  Therefore, strict statutory requirements are imposed for such agreements to be valid and enforceable.[1]  11 U.S.C. § 524(c) states that such agreements must be made before the granting of a discharge under § 727.  Fed. R. Bankr. P. 4008(a) states that a reaffirmation agreement "shall be filed no later than 60 days after the first date set for the meeting of creditors . . . ."  Sixty days after the date first set for the meeting of creditors was Sunday, May 8, 2016.  Rule 9006 adds a day to the deadline for filing a reaffirmation agreement, extending the deadline for filing to May 9, 2016.[2]  If sixty days is not sufficient, Fed. R. Bankr. P. 4008(a) allows a court to enlarge the time to file a reaffirmation agreement; however, § 524(c) and Rule 4004 make it clear that a request to enlarge should be made prior to the expiration of the time to file and certainly before entry of the discharge.  Fed. R. Bankr. P. 4004(c)(2) allows a debtor to request that the court defer entry of his discharge for 30 days.  Rule 4004(c)(1)(J) provides that an order of discharge may be delayed if there is a pending motion to

---

[1] *See In re Herrera*, 380 B.R. 446 (Bankr. W.D. Tex. 2007).

[2] When computing a time period stated in days, such as Rule 4008(a)'s requirement that a reaffirmation agreement and cover sheet be filed no later than 60 days after the first date set for the 341 meeting, if the last day of the period is a Saturday, Sunday, or legal holiday, the period is extended "until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Bankr. P. 9006(a)(1)(C).

enlarge the time to file a reaffirmation agreement under Rule 4008(a). Debtors did not pursue these options, and have stated to this Court that the agreement was not made prior to the entry of the discharge. Therefore, the parties here cannot meet the strict statutory requirements for a valid enforceable reaffirmation agreement.

Vacating the discharge is not a viable option for extending the deadline to obtain a valid reaffirmation agreement. Most courts have held that it is improper to vacate an order of discharge to allow for the filing of a reaffirmation agreement.[3] There is no mechanism under the Code or Bankruptcy Rules for vacating a discharge for the purpose of filing a reaffirmation agreement. Sections 727(d) and (e) allow a trustee, creditor or the United States trustee to request the revocation of a discharge under certain circumstances regarding fraudulent activity or misrepresentation of the debtor. Under these sections, Debtors do not have standing to seek to revoke their discharge.[4] Nor would Ford be successful in bringing a motion under these sections, since no such allegations have been made here.

Moreover, this Court cannot use its equitable powers to accomplish Debtors' request.[5] Such powers "can only be exercised within the confines of the Bankruptcy Code."[6] The statutory requirements for obtaining a valid reaffirmation agreement are clear and unambiguous. Seeking to vacate a discharge is just a way of circumventing § 524(c) by changing the deadline to file a reaffirmation agreement. This essentially nullifies the meaning of a deadline. If a court were to

---

[3] *See In re Engles*, 384 B.R. 593, 598 n.20 (Bankr. N.D. Okla. 2008) and *In re Wilhelm*, 369 B.R. 882, 883-84 (Bankr. M.D. N.C. 2007) for list of cases.

[4] *See Engles*, 384 B.R. at 597-98.

[5] *Id.* at 598, citing *In re Agan*, 285 B.R. 324, 326 (Bankr. W.D. Okla. 2002).

[6] *In re Stewart*, 355 B.R. 636, 638-39 (Bankr. N.D. Ohio 2006) quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988).

accede to this request, a creditor could exert economic pressure on a debtor to reaffirm a pre-petition debt after a discharge has been entered then simply file a motion to vacate the discharge. This Court does not believe such a result is in keeping with the goal of providing debtors with a fresh start. Therefore, this Court finds that it has no authority to alter the discharge deadline for the purpose of entering into a post-discharge reaffirmation agreement.[7]

**Order of the Court**

IT IS THEREFORE ORDERED that Debtors' Motion to Vacate Discharge to Enlarge Time to Enter a Reaffirmation Agreement (Doc. No. 19) is **denied**.

###

---

[7] *See In re Carillo*, No. 07-204232007 WL 2916328 (Bankr. D. Utah July 25, 2007).